Filed 1/31/25  P. v. Lynex CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334323 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA034126) |
| v. | |
| TOMMIE LAWSON LYNEX, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION

Because this appeal raises no substantial issues of law or fact, we issue our decision by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.)

In October 2000, a jury convicted appellant Tommie Lawson Lynex of first degree murder. (See *People v. Lynex* (Mar. 28, 2023, B321620) [nonpub. opn.] (*Lynex I*).) The trial judge sentenced him to 50 years to life in prison. (*Ibid.*) Lynex contends, and the Attorney General does not dispute, that the only probation report prepared in connection with the sentencing was a preconviction probation report.

In May 2022, Lynex filed a motion pursuant to Penal Code section 1203.01, subdivision (a)[1] seeking to correct and

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Section 1203.01, subdivision (a) provides, in relevant part: "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed. The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which [the defendant] [was] convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered." (§ 1203.01, subd. (a).)

supplement his postconviction record in advance of his June 2022 parole hearing. (*Ibid.*) In particular, Lynex requested that the court (1) direct the probation office to remove from his preconviction probation report any reference to a 1994 prior conviction, and (2) order the trial judge, prosecutor, and defense counsel in his October 2000 murder trial to provide statements of their views about him and the case, for use at his parole hearing. (*Lynex I, supra,* B321620.) The trial court denied Lynex's requests, reasoning that it lacked the authority to entertain his motion. (*Ibid.*) We reversed the trial court's order on appeal, remanding with instructions that the court consider the motion. (*Ibid.*)

On remand, the trial court held a hearing on Lynex's motion and granted his request that it strike the 1994 conviction from his preconviction probation report. The court ordered further that "[Lynex] and the prosecutor be given the opportunity to file a brief statement of their views respecting [Lynex] and the crime of which he was convicted as authorized by . . . section 1203.01[, subd.] (a)."

The court, however, rejected Lynex's argument that "[section] 1203.01 *mandates* the trial [judge] and the prosecutor to file statements of [their] view[s]." The court explained: "That argument is premised on the theory that the pre-conviction probation report filed in this case does not qualify as a 'probation report' within the meaning of . . . section 1203.01 given that the report was filed more than six months before [Lynex's] sentencing hearing and was not refreshed by a more current supplemental probation report. . . . Given [Lynex's] statutory ineligibility for probation, the sentencing court was not obligated to order a supplemental probation report prior to sentencing and properly relied on the existing probation report. [Citations.] . . .

3

Therefore, with a valid probation report having been filed, any further action by the trial [judge], prosecutor or defense counsel to file a statement of view is discretionary under the statute. [¶] . . . [¶] Finally, this court elects not to personally file a statement of view of [Lynex] or his case as this court did not preside over [Lynex's] trial and sentence over 20 years ago. . . . The judge who presided over the defendant's trial and sentence retired long ago and is no longer available to provide a statement."

Lynex now asks us to reverse the trial court's order, but he does not challenge the court's refusal to require the prosecutor and trial judge to file statements of their views of the case. Instead, Lynex argues that the court erred by failing to order the preparation of a final probation report for inclusion in his postconviction record. He urges that "if a full probation report had been prepared prior to sentencing instead of the barebones pre-plea probation report, the judge may have been persuaded to either reduce some of the charges or dismiss certain charges where [Lynex] would have been eligible to be placed on probation."

Lynex's argument, however, rests on a misunderstanding of the procedural posture here. His contention that the court might have imposed a different sentence had it received a supplemental probation report is not cognizable in these proceedings because the present appeal does not concern his sentence.

Rather, Lynex appeals from the trial court's order denying in part his motion to supplement his postconviction record for use at his parole hearing, pursuant to section 1203.01. That section does not require the preparation of a supplemental probation report. For purposes of section 1203.01, the existence (or nonexistence) of a probation report is relevant only in

4

determining whether the prosecutor and trial judge *must* submit a statement of their views of the defendant and the crime, or merely are *permitted* to do so. (See § 1203.01, subd. (a) ["[t]he judge and the district attorney, respectively, *may* cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed . . . . The judge and district attorney *shall* cause those statements to be filed *if no probation officer's report has been filed,*" italics added].) And as noted, *ante*, Lynex does not challenge the trial court's ruling that the prosecutor and trial judge may, but are not required, to file statements of their views in this case.

Moreover, Lynex concedes that nothing in the text of section 1203.01 requires the trial court to order the preparation of a supplemental probation report, and he cites no other authority demonstrating his entitlement to a supplemental report. The statutes on which he relies provide only that a defendant who is eligible for probation is entitled to a supplemental probation report (see, e.g., § 1203, subd. (b)(1) ["if a person is convicted of a felony *and is eligible for probation*, . . . the court shall immediately refer the matter to a probation officer to investigate and report to the court . . . upon the . . . crime and . . . prior history and record of the person," italics added]; Cal. Rules of Court, former rule 4.411 ["[*i*]*f the defendant is eligible for probation* . . . , the court must refer the matter to the probation officer for a presentence investigation and report," italics added]), and Lynex concedes that "[b]ased on the charges [against him], [he] was ineligible for probation."

We therefore are not persuaded that the court committed error. Accordingly, we affirm.

## DISPOSITION

We affirm the September 15, 2023 order.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.